UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| DEBORAH WALTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 3:12-cv-00116-RLY-WGH |
| FREDDIE MAC (FHLMC), ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON PLAINTIFF'S VERIFIED MOTION FOR TEMPORARY RESTRAINING ORDER AND MANDATORY PRELIMINARY INJUNCTION AGAINST FREDDIE MAC (FHLMC) AND REQUEST TO SET EXPEDITED HEARING**

On August 8, 2012, pro se Plaintiff, Deborah Walton, filed a motion for temporary restraining order and preliminary injunction against Freddie Mac (FHLMC) in the Marion Superior Court. Freddie Mac removed the case to this court on that same date. Plaintiff's motion was filed as an attachment to the Notice of Removal and did not otherwise come to the attention of the court until a status conference on March 13, 2013. The court, having read and reviewed the parties' submissions, now **DENIES** her motion.

**I.    Background**

Plaintiff's Complaint consists of three claims: libel, slander, and defamation. These claims apparently arise from a letter Plaintiff's appraisal management company, Foxtrot Corporation, received from Freddie Mac, dated February 8, 2011 ("Letter" or "Foxtrot Letter"). In that Letter, Freddie Mac notified Foxtrot that it "intends to include

1

Foxtrot on its Exclusionary List, which means that Freddie Mac will exclude Foxtrot from participating, directly or indirectly, in any transactions with Freddie Mac in any significant capacity." (Complaint, Ex. A). Freddie Mac informed Plaintiff that its decision was based on an investigation which revealed that Plaintiff, as the owner of Foxtrot, was "materially involved in at least two real estate transactions that involved loans sold to Freddie Mac," whose "property values were inflated on properties in which you were the seller." (*Id*.). Freddie Mac ended the Letter by informing Plaintiff that "Freddie Mac will not place Foxtrot on the List at this time, but will instead afford it twenty-one (21) days from the date of this letter to appeal this determination." (*Id*.).

Plaintiff's counsel responded to the Foxtrot Letter on February 25, 2011, claiming that the letter did not provide Plaintiff or her associates sufficient information to respond. Plaintiff's counsel requested that the information include four specific subsets of information: (1) all loan applications that Freddie Mac alleges have been improperly originated by Plaintiff or any of her companies; (2) the names of the appraisers alleged to have been in violation of the law; (3) any documentation that Freddie Mac alleges supports the allegations that there are falsifications of bank statements, tax returns, and the like; (4) and any documents evincing the real estate transactions that Freddie Mac alleges Plaintiff was a party to at the time she was the owner of Foxtrot. (*Id*., Ex. B). Plaintiff's counsel also informed Freddie Mac that Plaintiff could not have been the seller on the properties at issue, because she stopped selling real estate in early 2008. (*Id*.).

On May 31, 2012, Freddie Mac notified Plaintiff's counsel that, after careful consideration of the letter he sent in response to the February 8, 2011, letter, "Freddie

2

Mac has decided not to place the name of Foxtrot Corporation on the Freddie Mac Exclusionary List." (*Id.*, Ex. C).

Allegations of a similar kind were also lodged by Freddie Mac against Broadway Mortgage Group, Inc., a corporation of which Plaintiff was part owner. (*Id.*, Exs. D, E). On May 31, 2012, Freddie Mac notified Broadway Mortgage by letter ("Broadway Mortgage Letter") that Broadway Mortgage's clients will be placed on its Exclusionary List "to prevent undue risk to [Freddie Mac]." (*Id.*, Ex. D). Plaintiff's counsel sent Freddie Mac a letter dated June 6, 2012, threatening litigation, but noting that Plaintiff's involvement "with Broadway [is] essentially moot since Broadway has been dissolved and [Plaintiff] has surrendered her relevant licenses and is no longer in the mortgage brokering business." (*Id.*, Ex. E).

On July 18, 2012, Plaintiff filed the present action, requesting damages in the amount of $200,000.00, attorney's fees and costs.

**II.   Discussion**

A preliminary injunction under Federal Rule of Civil Procedure 65(a) is analyzed "in two distinct phases: a threshold phase and a balancing phase." *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S.A., Inc.*, 549 F.3d 1079, 1085-86 (7th Cir. 2008). Under the threshold phase for preliminary injunctive relief, a plaintiff must establish – and has the ultimate burden of proving by a preponderance of the evidence – each of the following elements: (1) that it has a reasonable likelihood of success on the merits of the underlying claim; (2) that it will suffer irreparable harm in the interim period prior to final resolution of its claim if the preliminary injunction is denied; and (3) that traditional

legal remedies would be inadequate. *Id*. at 1086. "If the court determines that the moving party has failed to demonstrate any one of these three threshold requirements, it must deny the injunction." *Id*. (citation omitted).

### A. Likelihood of Success on the Merits

Slander is defined as "oral defamation." BLACK'S LAW DICTIONARY 1392 (7th ed 1999). Libel is defined as "[a] defamatory statement expressed in a fixed medium, esp. writing . . . ." *Id*. at 927. Thus, slander and libel are forms of defamation. *Branaman v. Hinkle*, 37 N.E. 546, 548 (1894) ("False defamatory words, if written and published, constitute a libel; if spoken, a slander.") (citation and internal quotation marks omitted). "The basic elements of a defamation action [slander] are a defamatory imputation, malice, publication, and damages." *Davidson v. Cincinnati Ins. Co.*, 572 N.E.2d 502, 507 (Ind.Ct.App. 1991) (quoting *Shallenberger v. Scoggins-Tomlinson, Inc.*, 439 N.E.2d 699, 704 (Ind.Ct.App. 1982)). Truth is an absolute defense to a claim for slander, libel, or as it is more commonly termed, defamation. *Doe v. Methodist Hosp.*, 690 N.E.2d 681, 687 (Ind. 1997) (citation omitted); *see also Associates Corp. of N. Am. v. Smithley*, 621 N.E.2d 1116, 1119 (Ind.Ct.App. 1993) (citation omitted).

Plaintiff's evidence consists of the Foxtrot and Broadway Mortgage Letters and her counsel's responses to those Letters.[1] There is no evidence in the record of any

---

[1] Plaintiff also submits a spreadsheet attached to her motion as Exhibit F. The exhibit contains fields for (1) "Date Added," (2) an individual's first and last name, (3) city, (4) state, (5) zip code, and (7) license number. Plaintiff's name, address, and license number do appear at the bottom of page 1 as of July 11, 2012, but it otherwise does not inform the court who generated the document, who it was distributed to, and what it seeks to convey. In sum, the document is unauthenticated and contains hearsay. The document is, therefore, inadmissible.

alleged false oral statements made by Freddie Mac about Plaintiff.  On that ground, Plaintiff's slander claim is not reasonably likely to succeed on the merits.

Plaintiff's defamation/libel claims appear to be based on the Foxtrot Letter and the Broadway Mortgage Letter.  Plaintiff has not established that these Letters were "published," that is, communicated to a third party.  *Mart v. Hess*, 703 N.E.2d 190, 194 (Ind.Ct.App. 1998) (citing *Bals v. Verduzco*, 600 N.E.2d 1353, 1354 (Ind. 1992)).   The evidence of record reflects that Freddie Mac sent the Letters solely and exclusively to Plaintiff.

In addition, Plaintiff has failed to submit any evidence from which one could infer that Freddie Mac made the statements in the Letters with "actual malice."  Actual malice, as an element of the tort of defamation, exists when the defendant publishes a defamatory statement "with knowledge that it was false or with reckless disregard of whether it was false or not."  *New York Times v. Sullivan*, 376 U.S. 254, 279-80 (1964).  "Reckless disregard," in turn, "requires more than a departure from reasonably prudent conduct," and "may be shown by proof that the false publication was made with a 'high degree of awareness of [the statement's] probable falsity.'"  *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 688 (1989) (quoting *Garrison v. Louisiana*, 379 U.S. 64, 74 (1964)).  At this juncture, the Foxtrot and Broadway Mortgage Letters appear to be nothing more than standard business letters issued by Freddie Mac when it has cause to believe that doing business with a particular business will subject it to an undue risk of harm.  Without some evidence of Freddie Mac's knowledge and intent, Plaintiff cannot establish a likelihood of success on the merits of her defamation/libel claims.

### B. Irreparable Harm/Remedies at Law Inadequate

Plaintiff's failure to establish a likelihood of success on the merits is fatal to her motion. The court will address, however, the balance of the threshold phase in the interest of justice.

Plaintiff has not specified what it is she is seeking to restrain or enjoin. Indeed, Plaintiff's Complaint seeks monetary damages, not injunctive relief. Further, Plaintiff has not provided any evidence of injury. Thus, the court cannot conclude that she will suffer irreparable harm if the court does not grant her request.

In addition, Plaintiff submits no evidence that monetary relief is inadequate, and does not argue why injunctive relief is appropriate to make her whole. *See Barlow v. Sipes*, 744 N.E.2d 1, 6 (Ind.Ct.App. 2001) (noting that one who suffers mere economic injury is not entitled to injunctive relief "because an award of post-trial damages is sufficient to make the party whole"). Therefore, the court concludes that Plaintiff has not established that a remedy at law, which she requests in her Complaint, is not adequate.

### III. Conclusion

For the reasons set forth above, the court finds that Plaintiff failed to establish, by a preponderance of the evidence, an entitlement to preliminary injunctive relief. *Girl Scouts*, 549 F.3d at 86. Having so found, Plaintiff is likewise not entitled to the more extreme remedy of a temporary restraining order under FED.R.CIV.P. 65(b). Plaintiff's Verified Motion for Temporary Restraining Order and Mandatory Preliminary Injunction

Against Freddie Mac (FHLMC) and Request to Set Expedited Hearing (Docket # 12) is

**DENIED**.

**SO ORDERED** this 22nd day of March 2013.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Distributed by first-class U.S. Mail to:

Deborah Walton
12878 Mayfair Lane
Carmel, IN  46032